UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIQUE FUNCTIONAL PRODUCTS, INC., a California corporation,<br>　　　　Plaintiff,<br>　　v.<br><br>JCA CORPORATION, a Washington corporation; and DOES 1 through 25, inclusive,<br>　　　　Defendants.<br><br>JCA CORPORATION, a Washington corporation,<br>　　　　Counter-Claimant,<br>　　v.<br>UNIQUE FUNCTIONAL PRODUCTS, INC., et al.,<br>　　　　Counter-Defendants. | Case No. 9-cv-265-JM-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF / COUNTERDEFENDANT UNIQUE FUNCTIONAL PRODUCTS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 101 |

**I. BACKGROUND**

Plaintiff Unique Functional Products, Inc. ("UFP") brought the instant suit against Defendant JCA Corporation ("JCA") based on its purchase of certain allegedly faulty boat trailer components from JCA and a related settlement agreement between the parties. Specifically, UFP's second amended complaint states seven causes of action: (1) breach of

1  contract; (2) breach of covenant of good faith and fair dealing; (3) declaratory relief; (4) breach
2  of express warranty; (5) breach of implied warranty; (6) conversion; and (7) fraud.  UFP also
3  names the individual co-owners of JCA, Hun Choe and Chun Choe, as defendants in its fraud
4  allegation.

5        In response, JCA filed a counterclaim alleging seventeen causes of action. These
6  allegations include multiple claims for breach of written contract, breach of implied covenant of
7  good faith and fair dealing, and unjust enrichment brought with regard to several different
8  transactions said to have taken place between the parties. The counterclaim also states causes of
9  action for: account stated; goods sold and delivered; open book account; trade slander;
10 intentional interference with prospective economic advantage; preliminary and permanent
11 injunction; and unfair business practices.[1]

12       UFP initially moved for summary judgment in October of 2010, requesting summary
13 judgment of all of its own claims and JCA's counterclaims.  The court denied the motion as to
14 all of UFP's claims, but granted the motion as to JCA's seventh, eighth, thirteenth, fourteenth,
15 fifteenth, and sixteenth counterclaims.  UFP now moves for judgment on the pleadings, or, in
16 the alternative, summary judgment on JCA's fifth, twelfth, and seventeenth counterclaims.

17       The factual background is explained at length in the court's first summary judgment
18 order and need not be repeated here.

19 **II. LEGAL STANDARD AND DISCUSSION**

20       On this motion for judgment on the pleadings, the court must take all of JCA's well pled
21 allegations as true and decide whether UFP is entitled to judgment as a matter of law. <u>Compton</u>
22 <u>Unified School Dist. v. Addison</u>, 598 F.3d 1181, 1185 (9th Cir. 2010).  The Ninth Circuit has

---

[1] The counterclaim originally also included three additional causes of action for breach of oral contract, breach of implied-in-fact contract, and promissory estoppel; however, the parties subsequently filed a joint motion to dismiss these claims with prejudice, which the court has granted.

recognized that Fed. R. Civ. P. 12(c) motions are virtually identical to motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188 (9th Cir. 1989).  Therefore, the pleading must meet the standards set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).   If the court must refer to matters outside the pleadings, it will decide the motion under the summary judgment standard.  E.g., Living Designs, Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d 353, 363 (9th Cir. 2005).

**A. Procedural Issues**

JCA makes an objection to the motion at the outset, arguing that it is a disguised motion for reconsideration because UFP already moved for summary judgment on all of JCA's counterclaims.  In a footnote, JCA also asserts that the "law of the case" doctrine prevents reconsideration here because a court's decision on a point of law holds true for the remainder of the case.

JCA has not pointed to a rule preventing the court from hearing a motion for judgment on the pleadings subsequent to a previous summary judgment motion; indeed, even if this motion must be construed as a summary judgment motion, it may be allowed.  The Ninth Circuit has held that district courts "have discretion to entertain successive motions for summary judgment."[2]  Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010).

JCA is correct that the law of the case doctrine prevents a court from reexamining issues previously decided by this court or a higher court, but it does not preclude a ruling on issues not previously raised.  See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 146 F.3d 1088, 1093 (9th Cir. 1998) ("[A] court is generally precluded from reconsidering an issue that has already been

---

[2] While JCA has not raised this issue, a Fed. R. Civ. P. 56 motion may only be filed "until 30 days after the close of all discovery" unless the court or local rules set a different time limit.  UFP's motion was not filed within thirty days of the close of discovery.  However, the court's scheduling order stated that "[a]ll pretrial motions must be filed on or before December 7, 2011."  Thus, the order arguably provided an extension for the summary judgment motion.

decided by the same court . . . .").  While the doctrine is discretionary and should not apply if equitable considerations outweigh its usefulness,[3] "[f]ailure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion."  Id.  Further, "[f]or the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition."  Id. (citations omitted).

**B. Substantive Arguments**

1. The Fifth Counterclaim – Unjust Enrichment

The fifth counterclaim states a claim for unjust enrichment based on UFP's alleged failure to pay for certain goods it ordered and received from JCA.  Though this cause of action survived the first summary judgment motion, the court's first order granted summary judgment on JCA's thirteenth counterclaim, which was also for unjust enrichment.  In a footnote to the section addressing the reason for granting summary judgment on the thirteenth counterclaim, the court explained "that this same argument applies with equal force to JCA's fifth counterclaim for unjust enrichment . . . .  In that situation, UFP's failure to pay is governed by its express contracts with JCA . . . [and] JCA has already brought a claim for breach of those contracts in the form of its first counterclaim."  SJ Order at 15, n. 8.  However, the court noted that summary judgment would not be granted on the fifth counterclaim because UFP did not make its argument concerning this issue until its reply brief.  Id.

Here, UFP has made the same argument it made in its previous reply brief—that an unjust enrichment cause of action is inappropriate because this dispute is expressly covered by

/ / /

/ / /

---

[3] The Ninth Circuit has identified at least three reasons to depart from law of the case: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."  Gonzales v. Arizona, 624 F.3d 1162, 1186-87 (9th Cir. 2010).

contract.[4]  JCA posits that "pleading a claim for restitution is not precluded by the presence of allegations of breach of contract."  Def. Opp. at 9.

In support of its argument, JCA cites two cases.  First, it discusses Dunkin v. Boskey, 82 Cal. App. 4th 171 (2000).  While Dunkin did allow recovery on unjust enrichment, it is a complex case that does not support JCA's contention that both causes of action can exist concurrently.  The case was based on an artificial insemination contract involving an unmarried couple.  After the child was born to the mother and the male partner had fulfilled some of his obligations, the mother began to deny the male partner his rights under the contract.  The court thoroughly examined whether the contract was void as illegal or contrary to public policy.  While it found that the male partner could not recover under breach of contract for loss of the relationship with the child, that holding did "not operate to deny him recovery of special damages for readily ascertainable economic loss under an unjust enrichment theory." Id. at 195.

JCA also cites Hernandez v. Lopez, 180 Cal. App. 4th 932 (2009), for the same proposition.  In Hernandez, the parties entered into a contract for the purchase of a restaurant.  The defendants (the purchasers) had begun operating the restaurant, but then refused to close the sale because of a problem obtaining a liquor license.  However, somehow the defendants were able to resell the restaurant to a third party despite their lack of ownership.  Plaintiffs sued for breach of contract because the only money they received from the defendants was $10,000 from an escrow account when the sale fell through.  The appellate court agreed with the trial court that the resale did not actually breach the parties' contract, but reversed the trial court and held that the plaintiffs could recover on unjust enrichment despite only pleading breach of contract.

---

[4] The law of the case doctrine does not preclude argument on this issue because the court expressly refrained from considering it in the previous motion.

While both <u>Dunkin</u> and <u>Hernandez</u> allowed unjust enrichment claims to proceed, the plaintiffs in both of those cases were precluded from recovering on the contract. In contrast, the contract in question in this case covers the dispute at issue. As explained in <u>Cal. Medical Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.</u>, 94 Cal.App.4th 151, 172 (2001), "as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights." Because an express agreement defines the parties' rights here and can provide recovery for JCA, the unjust enrichment claim cannot survive.[5]

<u>2. The Twelfth Counterclaim – Breach of Written Contract</u>

The twelfth counterclaim is for breach of written contract. JCA alleges that UFP returned torsion cartridges to JCA because they failed, and JCA provided UFP with credits on future contracts to reimburse UFP's loss. JCA's counterclaim alleges the credits were issued in error because the torsion cartridge failures were actually caused by UFP. Despite this revelation, UFP has not re-paid the erroneously-given credits.

In UFP's first motion, it maintained that the counterclaim must fail because there was no written contract. The court rejected this argument, holding that the basis for the claim was the "purchase agreements between the parties, which exist in written form." SJ Order at 14.

<u>a. Statute of Limitations</u>

UFP now asserts that some of the damages sought on this counterclaim are precluded by the four year statute of limitations for breach of written contract under Cal. Com. Code § 2725.

///

---

[5] The court notes that the disposition of this issue will not preclude JCA's recovery on an unjust enrichment theory if the facts eventually demonstrate that no contract covers the dispute at issue. As noted in <u>Hernandez,</u> a plaintiff who pleads a breach of contract claim may eventually recover on unjust enrichment without amending the pleadings. 180 Cal. App. 4th at 939 (holding that "a plaintiff need not amend his pleading to seek compensation under an unjust enrichment theory, but could do so based on the pleaded cause of action for breach of contract").

JCA contends that the statute of limitations is subject to equitable tolling here because it relied on UFP's representations when awarding warranty credits, citing Cardinal Health 301, Inc. v. Tyco Electronics Corp., 169 Cal. App. 4th 116 (2008). That case does not fully support JCA's theory because it discusses statute of limitations tolling when a defendant promises repairs will be made. However, it is true that "equitable estoppel will lie to bar a defendant from pleading the bar of the statute of limitations where the plaintiff was induced to refrain from bringing a timely action by the fraud, misrepresentation or deceptions of defendant." Kleinecke v. Montecito Water Dist., 147 Cal. App.3d 240 (1983). Here, JCA states that it relied on UFP's misrepresentations that it used warranty credits "only where justified." Thus, at the very least, there is a disputed factual issue that will determine whether the statute of limitations should be tolled.

UFP's reply argues that equitable tolling is unavailable in this situation as a matter of law. It cites Lantzy v. Centex Homes, 31 Cal. 4th 363, 371 (2003) for the proposition that "equitable tolling should not apply if it is 'inconsistent with the text of the relevant statute.'" (citation omitted). In Lantzy, the court found that Cal. Code Civ. P. § 337.15 impliedly foreclosed equitable tolling through its language: "[n]o action may be brought to recover damages from any person . . . who develops real property . . . more than ten years after the substantial completion of the development . . . ." The Court examined legislative history to find that § 337.15 was passed in part to protect the construction industry from expansive liability. Based on this, the Court inferred that the ten year limitations period was meant to be absolute, "regardless of whatever tolling rules might otherwise apply within the 10-year period." Id. at 377-78 (emphasis in original).

UFP applies Lantzy to Cal. Com. Code § 2725(2), which states that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Based on this, UFP maintains that § 2725 eliminates tolling based on the time of

1 discovery. While § 2725(4) states that "[t]his section does not alter the law on tolling of the
2 statute of limitations," UFP states that "JCA is essentially advocating a discovery rule, rather
3 than tolling," so its argument concerning section (2) should outweigh the explicit language of
4 section (4). Pl. Reply at 8. UFP's argument fails—the specific language of the statute
5 outweighs UFP's conclusory descriptions of the meaning of section (2). Further, JCA does not
6 advocate a general "discovery rule" in contravention to section (2), but instead has argued that
7 equitable tolling should apply because its discovery of the defect was delayed by "fraud,
8 misrepresentations, or deception" by UFP.

b. Remaining Arguments

UFP also argues that JCA has failed to allege the elements constituting a breach of contract action because "[n]owhere in its pleadings does JCA explain or allude to how UFP breached a written contract." Pl. Mtn. at 8. The court's first summary judgment order rejected UFP's argument that no written contract exists for purposes of this claim, stating that the breach could be based on one of two writings: "the written contract to purchase the allegedly defective torsion cartridges themselves" or "the later purchase agreements between the parties." SJ Order at 13. Thus, UFP's argument that there was no written contract, or that JCA failed to plead with the requisite specificity, is foreclosed by the law of the case doctrine. To the extent that UFP's current motion makes a mistake of fact argument that is analytically distinct from its argument in the previous motion, UFP has failed to demonstrate that the pleading standard has not been met.

3.  The Seventeenth Counterclaim – Unfair Business Practices

On the first summary judgment motion, UFP argued that JCA could not maintain its seventeenth counterclaim because there was "no evidence to support an allegation that UFP committed fraud, engaged in any unlawful business act, was deceptive, misleading, or in any way violated Business and Professions Code § 17200." Pl. First SJ Mtn. at 22. While the

8

court's first summary judgment order allowed for the possibility that JCA would develop facts to support its § 17200 claim, it is apparent at this point that JCA is not alleging anything beyond a straightforward breach of contract. While "a breach of contract may . . . form the predicate for Section 17200 claims," the § 17200 claim must also "constitute[] conduct that is 'unlawful, unfair, or fraudulent.'" Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (2008) (citation omitted). The counterclaim conclusorily states that UFP's acts and omissions "constitute a pattern of unfair, unlawful, illegal and fraudulent business practices arid [sic] conduct in violation of California Business and Professional Code Section 17200 et seq." Counterclaim ¶ 124. The same paragraph alleges that "UFP is in breach of various agreements, committed acts of trade slander and failed to pay for ordered goods." Other than the trade slander claim (on which summary judgment was already granted), the counterclaim fails to allege any acts outside the contract-based claims that would constitute unfair competition.

JCA relies on the "unfair" prong of the statute in its opposition, pointing to its allegations that UFP took "nearly a million dollars in warranty credits over the term of the business relationship with JCA, then fail[ed] to reimburse JCA those credits." Def. Opp. at 16. However, JCA has failed to plead facts showing how UFP's alleged failure to reimburse the credits constituted more than a straightforward breach of contract. Were the court to rule that a simple breach of contract could form the basis for a § 17200 claim, then virtually every contract action could be converted into a business tort. While there is "[n]o clear test to determine what constitutes an unfair business practice," Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1170 (2002), JCA has not pled or provided any substantial argument concerning why UFP's breach constitutes an unfair practice on top of the alleged breach.

/ / /

/ / /

/ / /

**III. CONCLUSION**

For the reasons stated above, UFP's motion is GRANTED as to UFP's fifth and seventeenth counterclaims. The motion is DENIED as to the twelfth counterclaim.

**IT IS SO ORDERED.**

DATED: February 3, 2012

Jeffrey T. Miller
United States District Judge