1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **SOUTHERN DISTRICT OF CALIFORNIA**

7

8 UNIQUE FUNCTIONAL PRODUCTS, INC., a California corporation,     Case No. 9-cv-265-JM-MDD

9             Plaintiff,     **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF / COUNTERDEFENDANT UNIQUE FUNCTIONAL PRODUCTS, INC.'S MOTION FOR RECONSIDERATION**

10    v.

11 JCA CORPORATION, a Washington corporation; and DOES 1 through 25, inclusive,

12             Defendants.     Docket No. 111

13 JCA CORPORATION, a Washington corporation,

14             Counter-Claimant,

15    v.

   UNIQUE FUNCTIONAL PRODUCTS, INC., et al.,

16             Counter-Defendants.

17

18

19 **I. BACKGROUND**

20       Plaintiff Unique Functional Products ("UFP") brought this lawsuit against Defendant

21 JCA Corporation ("JCA") in early 2009.[1]  JCA filed several counterclaims, and UFP moved for

22 summary judgment on those claims in October of 2010.  The court granted the motion in part.

23 Thereafter, UFP moved for judgment on the pleadings (or, in the alternative, summary

24

25 _____
[1]     More detailed facts concerning this case are contained in the court's first summary judgment order at Doc. 62.

judgment) on JCA's fifth, twelfth, and seventeenth counterclaims.  In an order issued on February 3, 2012, the court granted the motion as to JCA's fifth and seventeenth counterclaims, but denied the motion as to the twelfth counterclaim.  UFP now moves for reconsideration of that order, requesting that the court amend two clerical errors and revisit its decision to uphold JCA's twelfth counterclaim in full.  For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

**II.  LEGAL STANDARD AND DISCUSSION**

Fed. R. Civ. P. 59(e) allows parties to file a motion to alter or amend a judgment within 28 days of its entry.  The rule provides an "extraordinary remedy," and generally should not be granted unless there is new evidence, the court committed clear error, or there is a change in the controlling law.  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  UFP's motion argues that the court committed clear error.

**A. Clerical Errors**

UFP moves to have two clerical errors corrected, and JCA does not oppose either request.

1. Order's Description of Second Amended Complaint

UFP first asks the court to amend the order's description of UFP's second amended complaint.  The order describes the second amended complaint as stating seven causes of action, including fraud against JCA and individuals Hun Choe and Chun Choe.  UFP requests that the court remove this description since the fraud claim has been dismissed by the court.  While it is true that the order uses the present tense to describe the second amended complaint, it is clear to all parties and the court that certain parts of that complaint have been dismissed, and the description in the previous order was not meant to imply that every claim that was originally stated still exists.  For that reason, it is unnecessary to amend the order's description of the second amended complaint.

2. Order's Reversal of Party Names

Page 10 of the order mistakenly states that "UFP's motion is GRANTED as to UFP's fifth and seventeenth counterclaims."  As UFP points out, the order should have referred to JCA's fifth and seventeenth counterclaims.   Because this is clear error and could cause confusion, the motion is granted as to this mistake and the order shall be amended accordingly.

**B. Substantive Error**

The court's order also rejected UFP's motion for judgment on the pleadings (or, in the alternative, for summary judgment) concerning JCA's twelfth counterclaim, which is for breach of written contract.  UFP raised a statute of limitations argument, but the court found that a triable issue of fact exists as to whether JCA could benefit from equitable tolling based on UFP's representations when awarding warranty credits.  UFP's current motion is somewhat unclear and extremely thin on legal support, but it is principally based on an argument that "allegations of fraud, misrepresentation, or deception are not now, nor have they ever been, presented or alleged by JCA in the counterclaim or in any pleading."  UFP Mtn. at 3 (emphasis in original).[2]

First, UFP's argument impliedly rests on the foundation that in order to rely on an equitable tolling argument to defeat a statute of limitations defense, a party must specifically allege fraud, misrepresentation, or deception in the complaint.  UFP provides no case law to support its contention; indeed, nowhere does UFP even explicitly recognize that it is attempting to import a pleading standard onto a counterclaimant's argument in response to an affirmative

---

[2]    UFP's reply brief makes an additional argument that JCA has violated the settlement agreement. UFP Reply at 5. This argument was not made in UFP's moving papers and is therefore waived.

       UFP also accuses JCA of attempting to "parade its fraud theory before the jury" and argues that the counterclaim should be dismissed because the "claim of fraud on a limited issue of the equitable tolling of the statute of limitations versus a full-blown claim of fraud will surely be lost on the jury." UFP Reply at 4, n.2. Once again, UFP fails to provide legal support for its argument, which would seemingly call for dismissal of most equitable tolling arguments in cases that were tried before a jury and did not also contain separate fraud claims.

1  defense.   Contrary to UFP's assumption, federal courts have repeatedly held that a plaintiff is

2  not required to plead facts in his complaint in order to avoid potential affirmative defenses.  See

3  Pennsylvania State Police v. Suders, 542 U.S. 129, 152 (2004) (explaining that there is no legal

4  requirement for a plaintiff to allege facts in anticipation of an affirmative defense); Abbas v.

5  Dixon, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of

6  Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses,

7  such as the statute of limitations, and to affirmatively plead facts in avoidance of such

8  defenses."); Kohler v. Flava Enterprises, 2010 WL 3238946 at *3 (S.D. Cal. 2010) ("Plaintiff is

9  correct that he is not required to plead around anticipated affirmative defenses, including the

10  statute of limitations.").  See also 5 Fed. Prac. & Proc. Civ. § 1276 (3d ed.) (noting that it is

11  technically improper for a complaint to contain allegations seeking to defeat an affirmative

12  defense because such allegations are not integral to the claim for relief).

13  　　　　Even if JCA's complaint were required to meet federal pleading standards as to the

14  equitable tolling argument, JCA provides sufficient allegations in its counterclaim to put UFP

15  on notice that it might rely on a misrepresentation argument.  While UFP cites Ashcroft v.

16  Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) in a footnote,

17  it does not apply the Twombly and Iqbal pleading standard to the facts alleged in the

18  counterclaim.[3]  The counterclaim states that "UFP claimed that a certain number of torsions

19  ordered from JCA were defective," that JCA issued temporary credits in response, and that later

20  "JCA learned that nearly all of the torsions claimed to be defected (sic) by UFP were in fact

21  properly manufactured."  Counterclaim ¶¶ 30-32.  As a result, JCA maintains that "UFP

22  

23  [3]　　At certain points, UFP's briefs also seem to imply that the factual allegations necessary to
support JCA's equitable tolling argument must meet the heightened fraud pleading standard of Fed. R.
24  Civ. P. 9(b).  UFP Reply at 4, n.2.  It may be true that at trial JCA would be required to demonstrate
some type of fraud or misrepresentation in order to demonstrate equitable tolling, but that fact in no way
25  establishes that certain parts of this breach of contract claim must meet the fraud pleading standard
under Rule 9(b).

improperly claimed that the torsions received from JCA were defective." Counterclaim ¶ 33.[4]
Indeed, the language in the counterclaim clearly provides a short and plain statement sufficient
to identify the alleged breach of contract, and it also clearly raises the possibility that
misrepresentation occurred. Given the set of facts set forth in the counterclaims, JCA's
allegations meet the plausibility standard set forth in Twombly and Iqbal.

## III.  CONCLUSION

        UFP's motion fails to provide a viable legal basis for its claim that JCA was required to
plead facts alleging a misrepresentation in order to preserve its equitable tolling response to
UFP's statute of limitations defense.   Further, JCA's counterclaim met the federal plausibility
standard as to allegations of misrepresentation.   UFP's motion for reconsideration as to JCA's
twelfth counterclaim is DENIED.  UFP's motion for reconsideration is also DENIED as to the
court's description of its second amended complaint.  UFP's motion is GRANTED as to the
inadvertent reference to UFP instead of JCA on page 10 of its order.  The order shall be
appropriately amended.

        **IT IS SO ORDERED.**

DATED: April 23, 2012

_____
Jeffrey T. Miller
United States District Judge

---

[4]         Similar language is used in paragraphs 94-101.